THOMAS MARTIN et al., Appellants, *v.* ANGUS SMITH et al., Respondents.

(Argued September 23, 1874; decided October 6, 1874.)

THIS was an action to recover a balance alleged to be due plaintiffs for freight upon a cargo of wheat transported by them from Chicago to Port Colborne. (Reported below, 1 N. Y. S. C. [T. & C.], 20.)

Defendants were partners doing business, buying and shipping grain, under the firm name of Angus Smith & Co. at Milwaukie. E. K. Bruce was engaged in the same business at Chicago; he did business as "E. K. Bruce, agent." Defendant Hoyt was also a member of the firm of Jesse Hoyt & Co., of New York. This firm were the general consignees at New York of Smith & Co. and of Bruce. Bruce had been employed by Angus Smith & Co. to purchase and sell wheat for them in the Chicago market, but only upon specific orders. The cargo in question was part of 50,000 bushels purchased by Bruce for Smith & Co. upon an order as aforesaid. Bruce telegraphed to Smith & Co. to know the price at which they would sell. They telegraphed back giving their price. Bruce thereupon, on the same day, shipped the wheat by plaintiffs' vessel receiving a bill of lading, addressed on the margin: "Account E. K. Bruce, agent, care of Jesse Hoyt & Co., New York, for Angus Smith & Co.; care Moses Merick, Oswego, New York; care Welland Railway Company, Port Colborne, Ontario." He also drew a draft on Jesse Hoyt & Co., signed "E. K. Bruce, agent," for the amount of the purchase-price of the wheat as telegraphed; which draft, with the bill of lading attached, was discounted by a Chicago bank to pay for the grain. The draft was accepted by Jesse Hoyt & Co., with the knowledge of defendant Hoyt, and subsequently paid. The wheat was delivered to said firm, sold and proceeds went to account of "E. K. Bruce, agent." The proceeds were insufficient to pay the advances. The wheat was delivered by plaintiffs' vessel, at Port Colborne, to the Welland Railway Company, without requiring payment in full for freight. *Held*, that

defendants were not liable; that they neither sustained the relation of consignor or consignee to the cargo; that they made no contract for the transportation of the wheat, nor had Bruce any authority to contract for them; that there was no ground upon which it could be claimed that they were estopped from averring the truth as to the transaction, the agency of Bruce for them being but special and limited; that although, at the time of the execution of the bill of lading, the contract of sale was not so consummated as to be valid under the statute of frauds, yet as plaintiffs did not thereafter assert title but recognized it as a sale and received the price, the dealings of Bruce with the grain were to be considered as those of an owner; also, *held*, that the fact, that Jesse Hoyt was a member of both firms and knew, upon acceptance of the draft, of the form of the bill of lading, did not impose upon him the duty of advising plaintiffs that Bruce had no authority to ship for Smith & Co., as the acceptance was simply for Hoyt & Co., and as Hoyt had no reason to suppose that plaintiffs would not collect their freight before delivering the wheat to the immediate consignees.

*J. A. Hathaway* for the appellants.

*Edwin Allen* for the respondents.

ANDREWS, J., reads for affirmance of order of General Term and judgment absolute against plaintiffs on stipulation.

All concur.

Order affirmed and judgment accordingly.